THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN MCARTHUR,

          Plaintiff,

   v.

BNSF RAILWAY COMPANY,

          Defendant.

CASE NO. C17-1314-JCC

ORDER DISMISSING CASE

This matter comes before the Court on Defendant BNSF Railway Company's ("BNSF") motion to dismiss (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff Steven McArthur recently terminated his employment with BNSF. (Dkt. No. 1-2 at 3.) His position involved travel to various BNSF work locations, with compensation based, in part, on the mileage he incurred. (Dkt. Nos. 6 at 1–3, 11 at 1–5.) In a separate case, BNSF brought suit seeking to recoup amounts it paid to McArthur and certain fellow employees, claiming they fraudulently inflated their mileage. *See BNSF Ry. Co. v. McArthur*, No. C15-0992, slip op. (W.D. Wash. Feb. 9, 2017). Judge Jones dismissed the case due to a lack of subject matter jurisdiction because BNSF's state law claims were preempted by the Railway Labor Act ("RLA"), which imposes mandatory arbitration provisions for such wage claims. *See Id*. at \*2

(citing *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)).

In the instant suit, originally brought in King County Superior Court, McArthur seeks $43,119.55 in unpaid vacation and leave time. (Dkt. No. 1-2 at 4.) He asserts BNSF impermissibly failed to pay this amount following his termination and is liable under Revised Code of Washington §§ 49.48.010, 49.48.030, 49.52.070 for double damages and attorney fees. (*Id*. at 3.) BNSF removed to this Court based on diversity (Dkt. No. 1), and now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 6). BNSF asserts that it properly withheld payment pursuant to the collective bargaining agreements ("CBA") between BNSF and McArthur's collective bargaining unit, and adjudication of the matter outside of arbitration is preempted by the RLA. (*Id*. at 2.) BNSF also asserts judicial estoppel on the basis that McArthur, in the related proceeding before Judge Jones, previously argued that mandatory arbitration applies to all wage-related claims. (*Id*. at 22.)

## II. DISCUSSION

BNSF's 12(b)(1) motion makes the same argument McArthur successfully made to Judge Jones—that the pay dispute is subject to the mandatory arbitration provisions of the RLA, 45 U.S.C. § 151a(5), thereby preempting this suit. (Dkt. No. 6 at 9–13); *see BNSF Ry. Co.*, No. C15-0992, slip op. at *2. Therefore, this Court lacks subject matter jurisdiction to adjudicate McArthur's claims.

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. Jurisdiction is a threshold separation of powers issue, and may not be deferred until trial. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In reviewing a factual attack, the Court may consider materials beyond the complaint. *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

As Judge Jones described when dismissing BNSF's claims against McArthur, under the RLA, arbitration is required to the extent that interpretation of the CBA is necessary to resolve claims between McArthur and BNSF. *See BNSF Ry. Co.*, No. C15-0992, slip op. at *2. Here, BNSF asserts such interpretation is required to (a) determine the amount of vacation pay it rightfully owes McArthur and (b) whether BNSF may offset termination payments against amounts it believes McArthur owes. (Dkt. No. 6 at 13.)

Vacation pay for a BNSF engineer is derivative of the total amount of compensation received the prior year, which necessarily includes claimed mileage. (Dkt. Nos. 6 at 4–5, 14 at 7.) Mileage is based on the distance an engineer travelled by rail or van, reported by the engineer using "tie-up tickets," and reviewed and approved by BNSF's payroll department. *BNSF Ry. Co. v. McArthur*, Case No. C15-0992-RAJ, Dkt. No. 47 at 4 (W.D. Wash. 2016). Judge Jones previously held that interpretation of the CBA is required to determine "whether [McArthur and his fellow employees] correctly calculated and reported their traveled miles . . . how that translates to wages, and how the employee and employer are to resolve disputes over same." *BNSF Ry. Co.*, No. C15-0992, slip op. at 2. The Court will not disturb this holding as it now applies to McArthur's claims.

McArthur counters that the disputed vacation pay here is different than the disputed wages before Judge Jones because vacation pay is "contractually vested" and, as such, does not require interpretation of the CBA to determine the amount owing. (Dkt. No. 11 at 2.) This is not a plausible assertion. BNSF is only obligated to pay the amount McArthur rightfully earned. (Dkt. No. 14 at 7.) This amount is yet to be determined. What McArthur refers to as "contractually vested" is the amount of vacation pay BNSF told McArthur he had earned, before it concluded that he inflated his compensation the prior year. (Dkt. Nos. 6 at 12–13, 14 at 7.) Of the $43,119.55 McArthur claims owing as termination payments in this case, for which he seeks double damages, $32,360.90 represents vacation pay. (Dkt. No. 1-2 at 4.) This is the amount subject to CBA interpretation and preemption. The remaining $10,758.65 McArthur seeks is

leave pay, which is not impacted by mileage.[1] (Dkt. Nos. 6 at 5–6, 11 at 3.) This is the only amount not requiring interpretation of the CBA, and is insufficient to support subject matter jurisdiction. *See* 28 U.S.C. § 1332(a).

Further, interpretation of the CBA is required to determine whether BNSF may offset the termination payments it owes McArthur against the amount exceeding $100,000 that it believes McArthur owes. (Dkt. No. 6 at 4.) While the CBA does not explicitly allow for such self-help, industry practice and custom do. "[P]ractice, usage and custom is of significance in interpreting" a CBA between railroad employees and their employer. *Consol. Rail Corp. v. Ry. Lab. Executives' Ass'n*, 491 U.S. 299, 311 (1989). BNSF persuasively cites a series of Public Law Board ("PLB") decisions supporting this practice. (Dkt. Nos. 6 at 15–16, 9-1 Ex. 1–5.)[2] Rather than cite countervailing PLB decisions, McArthur attempts to distinguish these decisions from the facts of this case. (Dkt. No. 11 at 13–15.) The Court does not find those distinctions meaningful.

Interpretation of the CBA is required to determine how much vacation pay BNSF owes McArthur and whether BNSF may offset termination payments against what it believes McArthur misappropriated. On this basis, McArthur's claims before this Court are preempted. This is sufficient for dismissal under Federal Rule of Civil Procedure 12(b)(1), as the Court lacks subject matter jurisdiction. The Court need not reach BNSF's 12(b)(6) or judicial estoppel arguments.

"Dismissal without leave to amend is improper unless it is clear upon *de novo* review that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Under these facts, no amendment would confer subject matter jurisdiction on the Court. It would not be appropriate to grant

---

[1] Leave pay is based solely on an employee's basic pay. (Dkt. No. 11 at 3.)

[2] The RLA created the PLB to hear disputes between railroad employees and their employers. *See United Transp. Union v. BNSF Ry. Co.*, 710 F.3d 915, 919 (9th Cir. 2013).

1 McArthur leave to amend his complaint.

2 **III. CONCLUSION**

3 For the foregoing reasons, BNSF's motion to dismiss (Dkt. No. 6) is GRANTED. McArthur's complaint is DISMISSED with prejudice. The Clerk is DIRECTED to CLOSE this case.

DATED this 16th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE